**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone:  (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BILLY SPENCER**, both in his individual capacity and, in addition, as a collective action on behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>**MELINDA HENSON** and **MICKY D. HENSON, SR.**, individuals, and **MEL-MIC ENTERPRISES, INC.**, and **WOODBURN 24HR TOWING INC.**, Oregon corporations,<br><br>Defendants. | Case No.<br><br>INDIVIDUAL AND CLASS AND COLLECTIVE ALLEGATION COMPLAINT<br><br>(State and Federal wage claims)<br><br>Demand for Jury Trial |

## COMPLAINT—INDIVIDUAL AND COLLECTIVE ACTION

Billy Spencer (hereinafter "Plaintiff"), suing both in his capacity as an individual and, in addition, in a class and collective action capacity on behalf of others similarly situated, complains as follows against Melinda Henson, Micky D. Henson, Sr., Mel-Mic Enterprises, Inc., and Woodburn 24Hr Towing Inc. (collectively, "M+M TOWING").

## PRELIMINARY STATEMENT

1.

This is an individual and class and collective action under state and federal wage and

hour laws for certain present and former employees of M+M TOWING to recover unpaid minimum wages and overtime and liquidated damages and penalty wages. Plaintiff requested the production of the class and collective's time and pay records from M+M TOWING before this litigation, but M+M TOWING refused to produce them. All allegations herein are therefore made to the best of Plaintiff's and his counsel's good-faith knowledge, information and belief, based upon the public records and other evidence available to them prior to litigation, before the parties have had the chance to conduct full discovery, and Plaintiff reserves the right to amend his allegations following completion of discovery.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216 (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce).

3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2) because M+M TOWING transacts business in this district, plaintiff was employed by M+M TOWING in this district, and acts and omissions that are the subject of this suit transpired in this district.

## PARTIES

4.

At all material times, Plaintiff and the class and collective members were employees of M+M TOWING.

5.

Defendants Mel-Mic Enterprises, Inc. and Woodburn 24Hr Towing Inc. are Oregon corporations that at all material times were registered with the Oregon Secretary of State as doing business in Oregon. As joint employers, these two corporate defendants share staff, premises, vehicles, ownership, and all other aspects of operation. Defendants Melinda Henson and Micky D. Henson, Sr. are the owners and operators of both corporations. Defendant Melinda Henson signed most of the checks for the employees during their employment; Defendant Micky D. Henson, Sr. signed the others. At all material times, the Hensons acted directly and indirectly on behalf of the two corporate defendants.

**FACTS**

6.

M+M TOWING often issued checks to Plaintiff and class and collective members after the regular payday on which such checks were due. In doing so, M+M TOWING failed to pay them the minimum wage and/or overtime on payday, when they were due.

7.

In addition, M+M TOWING refused to count more than 40 hours on class and collective members' pay stubs even when they worked in excess of 40 hours, and failed to implement an effective, accurate method of tracking drivers' time. Plaintiff worked approximately 80 hours every week, for example, but he never got paid for more than 40.

**COLLECTIVE ALLEGATIONS**

8.

M+M TOWING engaged in acts and practices that violated the collective members'

rights under the FLSA. In addition to bringing this action individually on behalf of himself, therefore, Plaintiff also brings this action on behalf of all current and former employees who are similarly situated. Plaintiff alleges that as a result of the nonpayments indicated herein, he and each of the other members of the collective received less than the applicable federal minimum wage, when those wages were due, for at least one workweek while in M+M TOWING's employ, in violation of § 6 of the FLSA (29 U.S.C. § 206), and for any employee who worked in excess of 40 hours in a given workweek (which included Plaintiff), the same nonpayments also result in an overtime violation under § 7 of the FLSA (29 U.S.C. § 207). Plaintiff and the other collective members are similarly situated in all relevant respects.

## CLASS ACTION ALLEGATIONS

9.

M+M TOWING engaged in acts and practices that violated the class members' rights under Oregon law. This action is brought on behalf of all current and former M+M TOWING employees who received a paycheck for work performed in Oregon on or after February 1, 2012.

### Numerosity

10.

The Class is so numerous that joinder of all members is impractical, consisting of at least 50 persons.

### Commonality / Predominance

11.

There are questions of law and fact common to the class, which predominate over any issues involving only individual class members. The principal questions are:

**Individual and Class and Collective Allegation Complaint**                    Page 4

   a. What M+M TOWING's payday was, whether its common policies and procedures resulted in paying its employees at least the Oregon minimum wage on payday, whether its common policies and procedures resulted in paying its employees all earned and unpaid wages on payday, and whether any such violations were willful;

   b. Whether M+M TOWING's common policies and procedures resulted in timely paying its employees all earned and unpaid overtime wages, and whether any such violations were willful; and

   c. What remedies are available for the above-listed violations.

## Typicality

12.

Plaintiff's claims are typical of those of the other class members because:

   a. Plaintiff is a member of the class.

   b. Plaintiff's claims stem from the same practice or course of conduct that forms the basis for the class claims.

   c. All of the class members' claims are based on the same facts and legal theories.

   d. There is no antagonism between the interests of Plaintiff and the class members, because their claims are for damages provided to each class member separately by statute or the common law.

## Adequacy of Representation by Plaintiff

13.

Plaintiff will fairly and adequately protect the interests of the class because:

   a. There is no conflict between Plaintiff's claims and those of the other class

members.

b. Plaintiff has retained counsel experienced in handling class and collective actions involving wage and hour law, who will vigorously prosecute this litigation. Plaintiff's counsel has already committed substantial time and resources towards this case and remains willing and able to devote whatever additional future time and resources are necessary to pursue this litigation to completion.

c. Plaintiff's claims are typical of the claims of the class members in that his claims stem from the same practice and course of conduct that forms the basis of the class claims.

### Superiority of Class Action

14.

Class resolution of this case is superior to other available methods for its fair and efficient adjudication, for at least the following reasons:

a. The prosecution of separate actions by the class members could both result in inconsistent adjudications establishing incompatible pay practices and, as a practical matter, dispose of the legal claims of class members who are not parties to such separate adjudications or impede their ability to protect their interests.

b. Plaintiff is seeking declaratory relief in addition to damages.

c. The common questions of law and fact described above predominate over questions affecting only individual members, and the questions affecting individuals primarily involve only calculations of individual damages.

d. Individual class members would have little interest in controlling the

litigation due to the relatively small size of most claims, the relatively unsettled nature of this area of the law, the complexity of the claims, the expense of the litigation, and because the named Plaintiff and his lawyer have already invested significant resources in the case and will continue to vigorously pursue the claims on behalf of the class members.

e. To Plaintiff's and his counsel's knowledge, no other similar litigation on these claims has been commenced.

This is a desirable forum because M+M TOWING does business in this state and many class members reside here.

## FIRST CAUSE OF ACTION

(FLSA Minimum Wage)

15.

All previous paragraphs are incorporated by reference herein.

16.

Pursuant to 29 U.S.C. § 206, M+M TOWING was required to pay Plaintiff and the collective members at least the amount of the federal minimum wage, when those wages were due, but willfully failed to do so.

17.

Plaintiff and collective members are entitled to collect the difference between their wages received when due and the federal minimum wages due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

(FLSA Overtime)

18.

All previous paragraphs are incorporated by reference herein.

19.

Pursuant to 29 U.S.C. § 207, M+M TOWING was required to pay Plaintiff and the collective members at least one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

20.

Plaintiff and the collective members are entitled to collect the difference between their wages received when due and the overtime wages due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs and nontaxable expenses, pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION

(Oregon Minimum Wage)

21.

All previous paragraphs are incorporated by reference herein.

22.

Pursuant to ORS 653.025, M+M TOWING was required to pay Plaintiff and the class members at least the amount of the applicable Oregon minimum wage, when those wages were due, but willfully failed to do so.

23.

Plaintiff and the class members are entitled to collect the difference between the

wages received when due and the Oregon minimum wages due in an amount to be proven at trial, together with attorney fees and costs, as well as pre- and post-judgment interest and the 30 days of statutory penalty wages provided by ORS 653.055 and 652.150.

## FOURTH CAUSE OF ACTION

(Oregon Overtime)

24.

All previous paragraphs are incorporated by reference herein.

25.

Pursuant to ORS 653.261, M+M TOWING was required to pay Plaintiff and the class members one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

26.

Plaintiff and the class members are entitled to collect the difference between the wages received when due and the overtime wages due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest and the 30 days of statutory penalty wages provided by ORS 653.055 and 652.150.

## FIFTH CAUSE OF ACTION

Declaratory Judgment

27.

All previous paragraphs are incorporated by reference herein.

28.

Plaintiff and the class members are entitled to a declaratory judgment declaring

defendants' state-law violations as outlined above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court award such damages as set forth above and in amounts to be proven at trial; declare defendants' violations of state law as outlined above; award attorney fees, costs and expenses; and order such further or alternative relief as the Court deems appropriate.

DATED this 17th day of February, 2018

                                              JON M. EGAN, P.C.

                                              *s/ Jon M. Egan*

                                              JON M. EGAN, OSB # 002467
                                              Attorney for Plaintiff